FILED
Clerk
District Court
JAN 24 2020
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>XINZHOU REN,<br><br>Defendant. | Case No. 1:19-cr-00016<br><br>**DECISION AND ORDER DENYING DEFENDANT'S THIRD MOTION IN LIMINE** |

Defendant Xinzhou Ren filed his third motion in limine with his supporting memorandum (ECF Nos. 28, 29) on January 10, 2020. The Government filed an opposition (ECF No. 33) on January 16, 2020. The next day, the Court held a pretrial conference hearing. At the hearing, Defendant waived the opportunity to file a written response to the Government's opposition and indicated he was prepared to argue the motion. After hearing arguments from counsel and considering the briefs and the law, the Court denied Ren's motion from the bench. (Minute Entry, ECF No. 34 at 1.) This order memorializes that oral ruling.

Ren stands indicted on one count of making a false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2). (Indictment, ECF No. 10 at 1.)[1] As the Court has previously explained in a prior order denying Defendant's motion in limine regarding a CNMI customs form, the count stems from statements that Ren, a Chinese national, allegedly made to U.S. Customs and Border Protection (CBP) officers at the Saipan airport on May 4, 2018, in order to enter the United States. (*See* Order, ECF No. 25 at 1.) The Government alleges that Ren misrepresented to CBP

---

[1] Although the grand jury originally returned a two-count indictment, the Court dismissed the second count on the Government's motion. (Order, ECF No. 31.)

that he was visiting the United States as a tourist, when he in fact planned to stay in the country. (*Id.*) Ren denies having told the CBP officers that he came to the United States solely for tourism. (*Id.*) Thus, an important factual issue for trial is what Ren told CBP officers upon arriving at the airport. (*Id.* at 2.)

The Government has not indicated that any direct evidence of what Ren told the CBP officers exists. Instead, it appears the Government will present only circumstantial evidence during its case-in-chief. Among that evidence, the Government expects CBP officers to testify that they require every arriving alien to verbally state his or her reason for travelling to the United States. (USA's Response, ECF No. 33 at 1.) If the response is anything other than tourism, the officers enter it into a system. (*Id.* at 1–2.) Ren moves to prevent the Government from using the fact that CBP officers did not enter his response into their system as proof that he told the officers he was only traveling for tourism. (Motion, ECF No. 29 at 2.) The Government responds that the CBP officers' testimony is admissible under Federal Rules of Evidence 406. (Response at 2.)

"Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. "Habit 'describes one's regular response to a repeated specific situation.'" *United States v. Angwin*, 271 F.3d 786, 799 (9th Cir. 2001) (quoting Fed. R. Evid. 406 advisory committee note), *overruled on other grounds by United States v. Lopez,* 484 F.3d 1186, 1192 (9th Cir. 2007) (en banc). "[T]he more frequently that someone has engaged in certain conduct, the more likely it is that the conduct will qualify as evidence of habit." *Id.*

The Court agrees with the Government that the CBP officers' expected testimony is habit evidence admissible under Rule 406. Asking all arriving aliens why they travelled to the United States and recording any response other than tourism is the type of frequent, regular response

2

encompassed by Rule 406. Furthermore, because the officers entered every individual not traveling for tourism into a system, it is reasonable to conclude that any person left out of the system reported being a tourist. Therefore, this habit evidence is relevant to prove Ren's statement to CBP.

At the January 17 hearing, Ren raised an additional issue outside the parties' briefs. Ren argues that, because the CBP officers relied on a Mandarin interpreter to question him, the Government's evidence can only prove what *the interpreter* told the officers. Because that interpreter was provided by Ren's airline, his or her identity and language proficiency are currently unknown. Without the interpreter's credentials, Ren asserts, evidence proving only the interpreter's translation is inadmissible to prove what Ren intended to communicate. The Government responds that this issue goes only to the weight of the evidence, not admissibility.

Again, the Court agrees with the Government. "[A]s long as a translator acts only as a language conduit, the use of the translator does not implicate the Confrontation Clause." *United States v. Aifang Ye*, 808 F.3d 395, 401 (9th Cir. 2015). "Whether statements made through an interpreter should be considered statements of the original declarant requires an analysis of the facts on a case-by-case basis." *United States v. Romo-Chavez*, 681 F.3d 955, 959 (9th Cir. 2012). The court considers four factors: "(1) which party supplied the interpreter, (2) whether the interpreter had any motive to mislead or distort, (3) the interpreter's qualifications and language skill, and (4) whether actions taken subsequent to the conversation were consistent with the statements as translated." *Id.* Ren grounds his admissibility argument solely on the third factor—the qualifications and skill of his interpreter—which in this case are unknown. Nevertheless, that factor is merely part of the analysis. Moreover, the three remaining factors all weigh in the Government's favor. First, Ren's airline, rather than CBP, provided the interpreter. Second, there is no cause to believe that an airline interpreter had any motive to mislead or distort. Finally, the

Government intends to introduce evidence that, soon after speaking to CBP, Ren marked on a Mandarin-language form that he was traveling for tourism. (*See* Order, ECF No. 25 at 2.) This subsequent action, which did not require an interpreter, is consistent with what the Government alleges Ren told the officers through his interpreter. Having found three of the four factors in favor of the Government, the Court concludes that the airline interpreter was a language conduit of Ren. Therefore, Ren's Confrontation Clause rights will not be violated when the government introduces the translated statement from Ren.

In sum, testimony of the CBP officers' routine habits when interacting with alien passengers is admissible under Federal Rules of Evidence 406 to prove circumstantially that Ren told the agents that he was traveling for tourism. Furthermore, based on the facts of this case, the interpreter's statements are admissible as a statement that Ren himself made to the CBP officers.

For the foregoing reasons, Ren's third motion in limine (ECF No. 28) is DENIED.

IT IS SO ORDERED this 24th day of January, 2020.

/s/ Ramona V. Manglona
RAMONA V. MANGLONA
Chief Judge